UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|    Plaintiff/Respondent, | § | |
| | § | **CRIMINAL NO. 6:12-61-3** |
| v. | § | **CIVIL NO.   6:15-23** |
| | § | |
| **JERONIMO BARRIENTOS,** | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Jeronimo Barrientos filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 68.[1] The United States of America filed a motion to dismiss seeking to enforce Movant's waiver of his right to file the present motion. D.E. 89. Movant did not respond.

**I. BACKGROUND**

On February 3, 2014, Movant pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255. D.E. 40 ¶ 7.[2]

---

1. Docket entries refer to the criminal case.

2. The waiver provision read:

   Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. §3742(b). *Additionally, the defendant is aware that 28 U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant*

1

At rearraignment, Movant affirmed under oath that he had a copy of the indictment and that he understood the nature of the charge, the elements of the offense, the penalty range for the offense, his right to plea not guilty and proceed to trial, and the terms of the written plea agreement, including the waiver of his right to appeal or collaterally attack his sentence contained in his written plea agreement. D.E. 78, 2/4/2013 Hrg. Tr. at 3:15–4:23, 5:8-15, 7:17–9:7.  He testified that he had discussed the case with counsel, including the plea agreement, and that he understood the plea agreement's terms. Tr. at 2:8-10, 4:24–5:7. He further testified that he was pleading guilty voluntarily and was not promised leniency in exchange for his guilty plea. Tr. at 3:24–4:14. The Court accepted Movant's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. Tr. at 13:20–14:3.

The Presentence Investigation Report assigned Movant a base offense level of 32. He was given a three-level adjustment for acceptance of responsibility. The resulting advisory guideline range for Level 29, Criminal History Category II, was 91–121 months' imprisonment. However, because Movant's offense carried a 10-year mandatory minimum sentence, his advisory Guidelines range was 120–121 months. 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(c)(2).

On May 6, 2014, the Court sentenced Movant to 120 months' imprisonment, 5 years' supervised release, and a $100 special assessment. Judgment was entered May 8, 2014. Movant's conviction became final on May 22, 2014, the last day on which he could have filed a notice of appeal. Movant did not appeal, but filed the current motion pursuant to 28 U.S.C. § 2255. It is timely.

---

> *waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.*

*Id.* (emphasis added).

2

## II. MOVANT'S ALLEGATIONS

Movant alleges trial counsel was ineffective in the following ways:

1) Counsel failed to explain the mens rea element of the conspiracy charge, and had Movant been properly advised as to mens rea, he would have pled not guilty and proceeded to trial;

2) Counsel gave "patently erroneous" advice that if Movant were to go to trial, he would face a lengthy sentence based on relevant conduct; and

3) Counsel failed to advise Movant regarding Amendment 782 to the U.S. Sentencing Guidelines.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Effect of Waiver

Movant waived his right to file a § 2255 motion by his plea agreement. He did not address the waiver in his motion, nor did he respond to the Government's motion to dismiss his § 2255 motion based on this waiver.

"As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also*

*United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d. at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id*. at 343–44.

Movant claims his guilty plea was invalid because counsel did not inform him regarding the nature of the conspiracy charge, specifically the mens rea element. However, Movant testified at rearraignment that he understood the elements of conspiracy, including that there was an agreement "to *knowingly and intentionally* possess a controlled substance with the intent to distribute it" and that he "knew of the unlawful purpose of the agreement and that [he] joined in it *willfully, that is, with the intent to further its unlawful purpose*." 2/4/2013 Tr. at 8:18–9:7 (emphasis added). Movant's claim that he did not understand the nature of the conspiracy charge is belied by his own testimony and does not render his guilty plea invalid.

Movant further claims his guilty plea was invalid because counsel erroneously advised him that if he went to trial, he would face a lengthy sentence based on relevant conduct. As set forth *supra*, Movant received a three-level downward adjustment for acceptance of responsibility. Had he been convicted at trial, his advisory Guidelines range would have been 135–168 months, well above the 120-month mandatory minimum sentence he received. The Court also explained the sentencing procedure at length at rearraignment. 2/4/2013 Tr. at 6:5–7:2. Movant testified that he understood he would not be able to withdraw his guilty plea if he was unhappy with his sentence and that he did not have any questions about the sentencing process. *Id.* 7:4-13. Counsel's advice that Movant faced a higher sentence were he convicted at trial was correct, and Movant's guilty plea is not invalid on this ground.

Finally, Movant claims his guilty plea was invalid because counsel did not advise him regarding Amendment 782 to the Sentencing Guidelines before he pled guilty. Movant pled guilty on February 3, 2014. Amendment 782 did not go into effect until November 2014 and did not reduce the 10-year mandatory minimum sentence to which Movant was subjected. Counsel's failure to advise Movant regarding Amendment 782 is insufficient to render Movant's guilty plea invalid.

As set forth *supra*, the Court questioned Movant about the plea agreement at rearraignment, including the waiver of Movant's right to file a § 2255 motion. Movant testified that he read and discussed his plea agreement with counsel before he signed it and that he understood it. He further testified that he was aware of the waiver, had discussed the waiver with counsel, and understood it.

The burden to demonstrate that his plea and waiver should not be enforced is on Movant. His sworn statements in open court that he understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

Movant's plea agreement and his sworn statements preclude the relief he seeks here. The evidence before the Court supports the finding that Movant's guilty plea, including the waiver, was knowing and voluntary. The waiver is enforceable and bars his claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 89) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 68) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 29th day of August, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE